**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | | |
|---|---|---|
| **MARVIN STEVE MILLS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 5:19-00801** |
| **v.** | ) | |
| | ) | |
| **DONNIE AMES, Superintendent,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

Pending before the Court are the following: (1) Petitioner's Motion for a Stay and Abeyance (Document No. 2), filed on November 8, 2019; and (2) Respondent's "Motion to Dismiss Petition as Untimely Filed" (Document No. 15), filed on January 10, 2020. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Respondent's Motion to Dismiss and deny Petitioner's Motion for a Stay and Abeyance.

<u>**PROCEDURE AND FACTS**</u>

1.    **Criminal Action No. 08-F-50:**

In May 2000, following a jury trial in the Circuit Court of Raleigh County, Petitioner was convicted of first-degree murder by use of a firearm and sentenced to life without the recommendation of mercy. (Document No. 15-1.) Petitioner filed his appeal asserting the following errors: (1) The trial court erred in denying Petitioner's challenge for cause of a prospective juror or venireman;" (2) The prosecutor's presentation of testimony regarding

Petitioner's failure to express remorse during court proceedings violated the Petitioner's right against self-incrimination in violation of the Fifth Amendment; (3) Petitioner's due process rights were violated when the State was permitted to introduce evidence of the Petitioner's domestic violence against his wife; (4) The evidence and commentary on lack of remorse constituted impermissible W.Va.R.Evid. 404(b)-character evidence; and (5) The trial court erred in admitting as evidence Petitioner's wife's December 29, 1999 statement to police. (Id.) By Per Curiam Opinion entered on June 24, 2002, the Supreme Court of Appeals of West Virginia ["SCAWV"] reversed Petitioner's conviction and remand for a new trial. State v. Mills, 211 W.Va. 532, 566 S.E.2d 891 (2002). Specifically, the West Virginia Supreme Court determined the following errors: (1) "Denial of motion to strike for cause a prospective juror who stated that his acquaintance with arresting officer would prevent him from acting impartially was reversible error;" (2) "Direct examination testimony of detective, that defendant expressed 'anger' at arraignment and in-camera hearing but did not express remorse or sorrow over killing victim, was improper reminder of defendant's failure to testify at trial;" (3) "Prosecutor's comment during closing argument, that there were cases in which the murderer himself said, 'I am so sorry,' was improper reference to defendant's election not to testify;" and (4) "Those improper references to defendant's failure to testify were reversible error." Id.

In November 2003, a second jury trial was conducted. (Document No. 15-2.) Petitioner was again convicted of first-degree murder by use of a firearm and sentenced to life without the recommendation of mercy. (Id.). Petitioner filed his appeal arguing the trial court erred by the following: (1) Refusing to strike two jurors for cause; (2) Denying a mistrial after media attended a jury view of the crime scene; (3) Refusing to individually voir dire jurors regarding the impact of media attention; (4) Allowing the State to introduce prejudicial testimony regarding Petitioner's

2

character; and (5) Denying a mistrial when the prosecutor made certain allegedly prejudicial comments during closing arguments. (Id.) By Per Curiam Opinion entered on November 17, 2005, the SCAWV affirmed Petitioner's conviction and sentence. (Id.) Petitioner filed a Petition for Rehearing, which was denied by the SCAWV on January 26, 2006. (Document No. 27, p. 14.) Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

**2.** **State *Habeas* Proceeding:**

On August 25, 2006, Petitioner filed in the Circuit Court of Raleigh County his Petition for Writ of *Habeas* Corpus. (Document No. 15-2.); Mills v. Ames, Case No. 06-C-784 (Cir. Ct. Raleigh Co. Jan. 25, 2018). On January 25, 2018, the Circuit Court denied Petitioner's *habeas* petition. (Document No. 15-4.) On February 28, 2018, Petitioner filed his *pro se* Notice of Appeal. (Document No. 15-5.) By Memorandum Decision dated April 15, 2019, the SCAWV affirmed the Circuit Court's denial of *habeas* relief. (Document No. 15-6.) The mandate was issued on May 16, 2019. (Document No. 15-7.). On May 14, 2019, Petitioner filed in the Circuit Court a "Request to File Copy of the Motion for Rehearing." (Document No. 14-2.) By Order entered on May 30, 2019, the Circuit Court denied Petitioner's Request (Id.)

**3.** **Original Jurisdiction *Habeas Corpus* Petition:**

Petitioner states that he filed an original jurisdiction *habeas corpus* Petition with the SCAWV on November 5, 2019. (Document No. 27, p. 3.) Petitioner contends that the foregoing is still pending before the SCAWV. (Id.)

**4.** **Instant Section 2254 Petition:**

On November 8, 2019, Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) As grounds for *habeas* relief,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a

Petitioner alleges the following:

1.     Defense counsel pled Petitioner guilty before the jurors, and the Court had admonished the Petitioner not to speak out in Court. Thus, Petitioner could not object.

2.     The judges of the 10th Judicial Circuit violated Trial Court Rules, Rule 17, resulting in an improper transfer of the Petitioner's case and within there was overwhelming appearance of bias against Petitioner.

3.     Petitioner was denied his Sixth Amendment right of the United States Constitution to an adversarial trial [because counsel did] not interview prosecuting material witnesses.

4.     Violation of U.S. and W. Va. Constitution [because] prosecution/police destroyed the original audiotaped recordings of State's witnesses who had gave statements to investigators in the murder investigation of Pam Cable.

(Id.) On the same day, Petitioner also filed his "Motion for Stay and Abeyance." (Document No. 2.) In support, Petitioner states that the West Virginia Supreme Court affirmed the Circuit Court's decision denying Petitioner's *habeas* relief. (Id.) Petitioner, however, states that on October 21, 2019, he filed in the West Virginia Supreme Court a "Petition Appealing Petitioner's Habeas Corpus Counsel's Ineffective Assistance." (Id.) Petitioner contends that his petition is currently pending with the West Virginia Supreme Court. (Id.) Therefore, Petitioner requests a stay and abeyance of these proceedings "until he has exhausted his most important issue pending before the West Virginia Supreme Court." (Id.)

By Order entered on November 22, 2019, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 10.) On December 4, 2019, Petitioner filed his Response stating that his Section

---

less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2254 Petition is not time barred. (Document No. 14.) As Exhibits, Petitioner attaches the following: (1) A copy of a U.S. Postal Service Delivery Confirmation dated July 21, 2006 (Document No. 14-1.); (2) A copy of the Circuit Court's Order entered on May 30, 2019, denying Petitioner's "Request to File Copy of the Motion for Rehearing" (Document No. 14-2.); and (3) A copy of the SCAWV's Mandate dated May 16, 2019 (Document No. 14-3.).

On January 10, 2020, Respondent filed his "Motion to Dismiss Petition as Untimely Filed" and Memorandum in Support. (Document Nos. 15 and 16.) Respondent contends that the one-year limitations period began to run on February 16, 2006, which was 90 days after the SCAWV issued its Memorandum Decision affirming Petitioner's conviction and sentence. (Document No. 16, pp. 4 – 5.) Respondent states that the "statute of limitations continued to run through August 24, 2006, which is the day before Petitioner filed his state habeas petition." (Id., p. 5.) At this point, Respondent explains that "Petitioner had used 190 days of the 365 days available under the AEDPA." (Id.) Respondent notes that the SCAWV entered its mandate on May 16, 2019, and therefore the "statute of limitations resumed running" and expired on November 7, 2019 (the day prior to Petitioner filing the instant action). (Id.) Respondent contends that Petitioner filed his Section 2254 Petition 176 days after the SCAWV entered its mandate. (Id.) Respondent states that "[t]his 176 days plus the 190-day period between February 16, 2006, and August 25, 2006, is a total of 366 days, which exceeds the AEDPA's 365-day statute of limitations." (Id.) Respondent concludes that Petitioner filed his Section 2254 Petition one day late. (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of State v. Mills, 211 W.Va. 532, 566 S.E.2d 891 (2002) (Document No. 15-1.); (2) A copy of the SCAWV's decision filed on November 17, 2005, affirming Petitioner's conviction (Document No. 15-2.); (3) A copy of the Docket Sheet for Mills v. McBride, 06-C-784 (Document No. 15-3.); (4) A copy of the Circuit

Court's decision denying Petitioner's State *habeas* petition as entered on January 25, 2018 (Document No. 15-4.); (5) A copy of Petitioner's Notice of Appeal filed on February 28, 2018 (Document No. 15-5.); (6) A copy of the SCAWV's Memorandum Decision filed April 15, 2019, affirming the Circuit Court's decision denying *habeas* relief (Document No. 15-6.); (7) A copy of the SCAWV's Mandate entered on May 16, 2019 (Document No. 15-7.); and (8) A copy of the SCAWV's Docket Sheet for Case No. 18-0177 (Document No. 15-8.)

Also on January 10, 2020, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion to Dismiss Petition as Untimely Filed." (Document No. 17.) On March 25, 2020, Petitioner filed his Response in Opposition and Exhibits in Support. (Document No. 22.) In his Response, Petitioner sets forth arguments in support of his request for *habeas* relief. (Id.) On March 31, 2020, Respondent filed his Reply arguing that Petitioner's Response in Opposition was "nonresponsive to the issue before the Court and should be disregarded." (Document No. 23.) Specifically, Respondent states that "Petitioner goes on at length about various issues he perceives occurred during his trial, but nowhere does Petitioner contest the untimeliness of his § 2254 petition." (Id.) Respondent, therefore, concludes there are no material disputed facts as to the issue of timeliness and Petition's Petition should be dismissed. (Id.) On April 10, 2020, Petitioner filed his "Response to Respondent's Claim that Petitioner's Petition was Filed as Being Untimely/Respondent's Motion to Dismiss." (Document No. 25.) Petitioner states that Respondent is mistaken when he states that Petitioner has not challenged the untimeliness of his Section 2254 Petition. (Id.)

On April 30, 2020, following the granting of an extension of time, Petitioner filed his "Objection to Respondent's Motion to Dismiss Petition as Untimely Filed." (Document No. 28.)

First, Petitioner argues that Respondent failed to find that the limitations period was tolled for 90 days following the SCAWV's denial of his Petition for Rehearing concerning his direct appeal. (Id.) Second, Petitioner contends that Respondent did not apply the "mailbox rule" when calculating the timeliness of Petitioner's Section 2254 Petition. (Id.) Finally, Petitioner claims that Respondent did not account for the tolling of the limitations period based on the filing of his original jurisdiction *habeas* petition with the SCAWV. (Id.) Petitioner concludes that when the foregoing is taken into consideration, his Section 2254 Petition is clearly timely. (Id.) Despite the Court's allowance of such, Respondent failed to file a Reply. (Document No. 28.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of

public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. <u>Walker</u>, 589 F.3d at 139.

## ANALYSIS

1.    **Timeliness:**

In 1996, Congress enacted the AEDPA, which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned will consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(A).[2] Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the

---

[2] Petitioner does not allege any impediments to filing, a newly recognized right, or a newly discovered fact that would implicate the provisions of 28 U.S.C. § 2244(d)(1)(B) – (D).

Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's conviction and sentence were affirmed by the SCAWV on November 17, 2005, and Petitioner's Petition for Rehearing[3] was denied by the SCAWV on January 26, 2006. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on April 27, 2006 (90 days after the SCAWV denied his Petition for Rehearing). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[4] the one-year statute of limitation began to run on April 28, 2006, and Petitioner had until April 27, 2007, to file a Section 2254 Application in the United States District Court,

---

[3] Rule 25 of the West Virginia Rules of Appellate Procedure provides a petition for rehearing may be filed within 30 days of any memorandum decision or opinion of the SCAWV. An untimely petition for rehearing does not toll the statute of limitations. See Shores v. Johnson, 2011 WL 1897198, n. 3 (W.D.Va. May 16, 2011)(citing Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)). The record is void of any allegation or indication that Petitioner's Petition for Rehearing was untimely.

[4] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:
    **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
        **(1) Period Stated in Days or a Longer Unit.**
        When the period is stated in days or a longer unit of time:
            **(A)** exclude the day of the event that triggers the period;
    **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
    **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

9

*unless* he first sought post-conviction relief from the State Courts.

Petitioner filed his State *habeas* Petition on August 25, 2006, 119 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation period was tolled by Petitioner's State *habeas* proceedings. On January 25, 2018, the Circuit Court of Raleigh County denied his *habeas* petition. Petitioner filed an appeal of the Circuit Court's denial of his *habeas* petition to the SCAWV. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. The SCAWV affirmed Petitioner's conviction and sentence on April 15, 2019, and the mandate was issued on May 16, 2019. The limitation period thus began to run again on May 17, 2019, and Petitioner had until January 20, 2020,[5] to file a Section 2254 Application in the United States District Court, *unless* he again sought post-conviction relief from the State courts. Petitioner states that he filed an original jurisdiction *habeas corpus* Petition with the SCAWV on November 5, 2019, and such remains pending with the SCAWV.[6] Assuming this to be true, such again tolled the limitations period and such will remain tolled until the entry of a decision by the SCAWV. Petitioner filed his instant Section 2254 Petition on November 6, 2019.[7] Therefore, the undersigned

---

[5] Petitioner had 246 days remaining to file his Section 2254 Petition. 246 days from May 17, 2019, was January 18, 2020. Thus, Petitioner had until January 18, 2020, to file his Section 2254 Petition. Since January 18, 2020 fell on a Saturday, Petitioner had until Monday, January 20, 2020, to file his Section 2254 Petition.

[6] Assuming Petitioner filed an original jurisdiction petition with the SCAWV on November 5, 2019, another 172 days had run on the limitations period totaling 322 days. Therefore, Petitioner will have approximately 74 days remaining on his limitation period after a decision is entered by the SCAWV.

[7] Although Movant's Section 2254 Petition was received and filed by the Clerk on November 8, 2019, Petitioner's Section 2254 Petition is dated November 6, 2019. The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *Also see Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991). Out of an abundance of caution, the Court will consider Petitioner's Petition as

finds that Petitioner's Section 2254 *habeas* Petition was filed timely.[8] Accordingly, undersigned respectfully recommends that Respondent's "Motion to Dismiss Petition as Untimely Filed" (Document No. 15) be denied.

**2.    Motion for Stay and Abeyance:**

In Rhines v. Weber, the Supreme Court determined that when a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. (noting that "if a district court dismisses a mixed petition close to the end of the

---

filed on November 6, 2019.

[8] Even assuming Petitioner did not file an original jurisdiction *habeas* petition with the SCAWV on November 5, 2019, Petitioner's Section 2254 Petition is still timely because he had until January 20, 2020, to file his Section 2254 Petition.

1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court").

In his Motion, Petitioner requests a stay because he has a "Petition Appealing Petitioner's Habeas Corpus Counsel's Ineffective Assistance" pending before the SCAWV.[9] (Document No. 2.) The undersigned further notes that in subsequent filings by Petitioner, he further indicates that he has an original jurisdiction *habeas* petition pending before the SCAWV. (Document No. 27.) Applying the Rhines standard to the facts of the instant case, the undersigned finds that Petitioner's requests for a stay and abeyance is premature and unwarranted at this time. The undersigned notes that there has not yet been a claim by Respondent that Petitioner's failed to exhaust his *habeas* claims. Further, the Court has no records verifying that Petitioner has any proceedings, or an original jurisdiction *habeas* petition, currently pending before the SCAWV. Therefore, the undersigned finds that Petitioner's Motion or a Stay and Abeyance should be denied. Petitioner, however, may refile his Motion for a Stay and Abeyance in the future if Respondent asserts failure to exhaust as a ground for dismissal of Petitioner's *habeas* petition. Accordingly, the undersigned respectfully recommends that Petitioner's Motion for a Stay and Abeyance (Document No. 2) be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

---

[9] According to a review of the Docket Sheet from the SCAWV concerning Case No. 18-0177, Petitioner does ***not*** have a pending "Petition Appealing Petitioner's Habeas Corpus Counsel's Ineffective Assistance" before the SCAWV. (*See* Document No. 15-8.)

and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Respondent's "Motion to Dismiss Petition as Untimely Filed" (Document No. 15), **DENY** Petitioner's Motion for a Stay and Abeyance (Document No. 2), and **REFER** the matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: June 10, 2020.



Omar J. Aboulhosn
United States Magistrate Judge

13