IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **MARVIN STEVE MILLS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 5:19-00801 |
| v. ) | |
| ) | |
| **DONNIE AMES, Superintendent,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss As Moot Due to Death" (Document No. 39), filed on August 23, 2021. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's above Motion.

**PROCEDURE AND FACTS**

On November 8, 2019, Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges the following:

1. Defense counsel pled Petitioner guilty before the jurors, and the Court had admonished the Petitioner not to speak out in Court. Thus, Petitioner could not object.

2. The judges of the 10th Judicial Circuit violated Trial Court Rules, Rule 17, resulting in an improper transfer of the Petitioner's case and within there

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>   was overwhelming appearance of bias against Petitioner.
>
> 3. Petitioner was denied his Sixth Amendment right of the United States Constitution to an adversarial trial [because counsel did] not interview prosecuting material witnesses.
>
> 4. Violation of U.S. and W. Va. Constitution [because] prosecution/police destroyed the original audiotaped recordings of State's witnesses who had gave statements to investigators in the murder investigation of Pam Cable.

(Id.) On the same day, Petitioner also filed his "Motion for Stay and Abeyance." (Document No. 2.) In support, Petitioner states that the West Virginia Supreme Court affirmed the Circuit Court's decision denying Petitioner's *habeas* relief. (Id.) Petitioner, however, states that on October 21, 2019, he filed in the West Virginia Supreme Court a "Petition Appealing Petitioner's Habeas Corpus Counsel's Ineffective Assistance." (Id.) Petitioner contends that his petition is currently pending with the West Virginia Supreme Court. (Id.) Therefore, Petitioner requests a stay and abeyance of these proceedings "until he has exhausted his most important issue pending before the West Virginia Supreme Court." (Id.)

By Order entered on November 22, 2019, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 10.) On December 4, 2019, Petitioner filed his Response stating that his Section 2254 Petition is not time barred. (Document No. 14.) On January 10, 2020, Respondent filed his "Motion to Dismiss Petition as Untimely Filed" and Memorandum in Support. (Document Nos. 15 and 16.) Also on January 10, 2020, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion to Dismiss Petition as Untimely Filed." (Document No. 17.) On March 25, 2020,

Petitioner filed his Response in Opposition and Exhibits in Support. (Document No. 22.) On April 30, 2020, following the granting of an extension of time, Petitioner filed his "Objection to Respondent's Motion to Dismiss Petition as Untimely Filed." (Document No. 28.) By Proposed Findings and Recommendation entered on June 10, 2020, the undersigned recommended that Respondent's "Motion to Dismiss Petition as Untimely Filed" be denied and this matter be referred back to the undersigned for further proceedings. (Document No. 30.) Neither party filed Objections. By Order entered on August 28, 2020, United States District Judge Frank W. Volk adopted the undersigned's recommendation, denied Respondent's "Motion to Dismiss Petition as Untimely Filed," and referred the matter back to the undersigned for further proceedings. (Document No. 34.) By Order entered on July 19, 2021, the undersigned directed Response to file an Answer to the allegations contained in Petitioner's Petition and show cause, if any, why the writ of habeas corpus sought by Petitioner should not be granted. (Document No. 37.)

On August 23, 2021, Respondent filed his "Motion to Dismiss As Moot Due to Death." (Document No. 39.) Respondent notes that "Petitioner passed away while in custody at Mount Olive Correctional Complex in Fayette County, West Virginia." (Id.) Therefore, Respondent contends that this matter should be dismissed as moot due to Petitioner's death because there remains no live case or controversy for this Cour to decide. (Id.) As an Exhibit, Respondent attaches a copy of the Vital Registration Office Physician's/Medical Examiner's Certificate of Death for Petitioner. (Document No. 39-1.)

**ANALYSIS**

The undersigned finds that Petitioner's Section 2254 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate

3

only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This case or controversy requirement means that petitioner must continue to have a personal stake in the outcome of the civil action when the case is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody. See Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(stating that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). The record indicates that Petitioner is now deceased. (Document Nos. 38 and 39-1.) By virtue of Petitioner's death, the Court can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2254. See Eakes v. McCall, 533 Fed.Appx. 268 (4th Cir. 2013)(denying petitioner's certificate of appealability and remanding to the district court with instructions to dismiss petitioner's Section 2254 petition as moot based upon petitioner's death); Neal v. Warden, Nottoway Correctional Center, 7 F.3d 225 (4th Cir. 1993)(unpublished opinion)(dismissing petitioner's appeal of the denial of his Section 2254 petition as moot based upon petitioner's death); also see Keitel v. Mazurkiewicz, 729 F.3d 278 (3rd. Cir. 2013)(finding that petitioner's Section 2254 *habeas* petition is rendered moot by his death); Bruno v. Secretary, Florida Department of Corrections, 700 F.3d 445 (11th Cir. 2012)(finding that the death of the Section 2254 *habeas* petitioner rendered the *habeas* action moot); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975)(finding a Section 2254 *habeas* petition is rendered moot by petitioner's death). Accordingly, Petitioner's claims are rendered moot by virtue of his death, and therefore, his

4

Section 2254 Petition must be dismissed. The undersigned, therefore, respectfully recommends that the District Court grant Respondent's "Motion to Dismiss As Moot Due to Death" (Document No. 39).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss As Moot Due to Death" (Document No. 39), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: September 15, 2021.

Omar J. Aboulhosn
United States Magistrate Judge